■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR VAUGHN, Appellant.—Appeal by the defendant from three judgments of the Supreme Court, Kings County (Firetog, J.), all rendered July 24, 1990, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and criminal sale of a controlled substance in the third degree, upon a jury verdict, under Indictment No. 3412/89, and criminal sale of a controlled substance in the third degree (two counts; one each under Indictment Nos. 607/89 and 918/89), upon his pleas of guilty, and imposing sentences of concurrent indeterminate terms of 25 years to life imprisonment for criminal possession of a controlled substance in the first degree, 8⅓ to 25 years imprisonment for criminal possession of a controlled substance in the third degree and all counts of criminal sale of a controlled substance in the third degree, and a definite term of one year for criminal possession of a controlled substance in the seventh degree.

Ordered that the judgment rendered under Indictment No. 3412/89 is modified, as a matter of discretion in the interest of justice, by reducing the sentence for criminal possession of a controlled substance in the first degree to 15 years to life imprisonment; as so modified, the judgment is affirmed; and it is further,

Ordered that the judgments rendered under Indictment Nos. 607/89 and 918/89 are affirmed.

The trial court's refusal to instruct the jury with regard to an agency defense was proper since no reasonable view of the evidence could warrant a finding that the defendant acted as a mere instrumentality of the buyer, especially in light of the testimony which indicated that the defendant had a "direct interest in the contraband being sold" and that he, acting in concert with his codefendant, performed his function with a

profit motive in mind *(see, People v Roche,* 45 NY2d 78, 85-86, *cert denied* 439 US 958).

The sentence imposed under Indictment No. 3412/89 was excessive to the extent indicated. The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are unpreserved for our review (CPL 470.05 [2]) or without merit. Bracken, J. P., Sullivan, Rosenblatt and Lawrence, JJ., concur.